IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

JOSE RENE MELENDEZ AYALA
    *Petitioner*,
    v.

JOSEPH FREDEN,
    in his official capacity as Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement;

STEVEN KURZDORFER,
    In his official capacity as Acting Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement;

TODD LYONS,
    In his official capacity as Acting Director, U.S. Immigration and Customs Enforcement,

KRISTI NOEM,
    In her official capacity as Secretary of Homeland Security,

    *Respondent.*

Civil Action No. 25-cv-6697

**VERIFIED PETITION FOR WRIT OF HABEAS CORPUS AND INCORPORATED MEMORANDUM OF LAW**

*Oral Argument Requested*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................1

THE PARTIES..................................................................................................................1

CUSTODY .........................................................................................................................3

JURISDICTION & VENUE ..............................................................................................3

    I.   SUBJECT MATTER JURISDICTION ................................................................ 3

    II.  PERSONAL JURISDICTION............................................................................... 3

    III. VENUE ................................................................................................................. 3

EXHAUSTION OF REMEDIES.......................................................................................4

    I.   PETITIONER IS NOT STATUTORILY REQUIRED TO EXHAUST ALL ADMINISTRATIVE REMEDIES. ..................................................................... 4

    II.  PETITIONER HAS EXHAUSTED ALL ADMINISTRATIVE REMEDIES / NONE ARE AVAILABLE TO HIM................................................................... 4

    III. EVEN IF ADMINISTRATIVE REMEDIES REMAINED OPEN, WHICH THEY DO NOT, PETITIONER'S CLAIM FALLS WITHIN EVERY EXCEPTION TO PRUDENTIAL REQUIREMENTS FOR EXHAUSTION ................................................ 4

FACTS ...............................................................................................................................5

MR. MELENDEZ IS BEING UNLAWFULLY DETAINED BASED UPON THE GOVERNMENT'S MISAPPLICATION OF THE STATUTORY FRAMEWORK ............6

CLAIMS FOR RELIEF ...................................................................................................10

COUNT 1: VIOLATION OF 8 U.S.C. § 1226(A) ..........................................................10

COUNT 2: VIOLATION OF DUE PROCESS ...............................................................11

PRAYER FOR RELIEF ..................................................................................................11

VERIFICATION BY SOMEONE ACTING ON PETITIONER'S BEHALF PURSUANT TO 28 U.S.C. § 2242................................................................................................13

**PRELIMINARY STATEMENT**

1. Petitioner, Mr. Jose Rene Melendez Ayala ("Mr. Melendez"), is a 29-year-old native of Honduras who entered the United States without inspection in approximately 2017. The Petitioner has a two-year-old United States Citizen child from whom he remains separated. Exh. 1, Birth Certificate. Under the government's recent reinterpretation of the applicable statutory framework, the Petitioner lacks access to a custody redetermination before an Immigration Judge and is being held in violation of law, without any assessment of whether he poses a risk of danger or of flight.

2. On November 11, 2025 Mr. Melendez was arrested by Immigration and Customs Enforcement ("ICE") agents near Buffalo, New York. He is currently detained at the Buffalo Federal Detention Facility in Batavia, New York. To date, Mr. Melendez has not been placed in removal proceedings.

3. Despite longstanding practice and clear statutory language, both DHS and DOJ now insist that all persons who entered without inspection are detained pursuant to 8 U.S.C. § 1225(b)(2) and thus subject to mandatory detention. This misclassification is contrary to almost 30 years of settled law and practice, and it is unlawfully premised solely upon the manner in which a person initially entered the country.

4. Accordingly, Petitioner seeks a writ of habeas corpus. Petitioner requests an order requiring his release unless Respondents provide a bond hearing under § 1226(a) within fourteen days.

**THE PARTIES**

5. Petitioner, Mr. Jose Rene Melendez Ayala, is detained in the custody of ICE. He is being held at the Buffalo Federal Detention Facility in Batavia, New York. His custody and

governmental actions related to his removal are likewise controlled by the Buffalo Field office, which is located within this judicial district.

6. Respondent Joseph Freden[1] is the Buffalo, NY Field Office Director for Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement. He is the local ICE official who has authority over the Petitioner. *See Vasquez v. Reno*, 233 F,3d 688, 690 (lst Cir. 2000), cert. denied, 122 S. Ct. 43 (2001). Respondent Freden's office is at 250 Delaware Avenue, Floor 7, Buffalo, NY 14202 and/or at the Buffalo Federal Detention Facility, 4250 Federal Drive, Batavia, NY 14020.

7. Respondent Steven Kurzdorfer is the Acting Field Office Director for the Buffalo, NY Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement. He is the local ICE official who has authority over the Petitioner. *See Vasquez v. Reno*, 233 F. 3d 688, 690 (lst Cir. 2000), cert. denied, 122 S. Ct. 43 (2001). Respondent Kurzdorfer's office is at 250 Delaware Avenue, Floor 7, Buffalo, NY 14202.

8. Respondent Todd Lyons is Acting Director, U.S. Immigration and Customs Enforcement. Respondent Lyons oversees immigration enforcement and detention. Respondent Lyons' office is 500 12th St SW, Washington, District of Columbia, 20536.

9. Respondent Kristi Noem is Secretary of the U.S. Department of Homeland Security. This is the agency responsible for the administration of ICE and the implementation and enforcement of the INA. As such, DHS is the legal custodian of Petitioner. Respondent Noem's office is in the U.S. Department of Homeland Security, Washington, DC 20528.

---

[1] Petitioner asserts this Court has personal jurisdiction over the additional Respondents, however, in the interests of brevity, the Petitioner will brief this if (1) any governmental acts challenged herein are found to relate to those Respondents (instead of the immediate custodian) and (2) the Government seeks to argue against personal jurisdiction.

10. Petitioner's custody within this judicial district and the governmental actions related to his potential removal from the district are likewise controlled by Respondents Kurzdorfer, Lyons and Noem.

## CUSTODY

11. Petitioner is in the physical custody of Respondents and U.S. Immigration and Customs Enforcement ("ICE") at the BFDF. The Deportation Officer responsible for his case is stationed at the Buffalo Federal Detention Facility ("BFDF"). The Petitioner is under the direct care, custody and control of Respondents and their agents.

## JURISDICTION & VENUE

I. SUBJECT MATTER JURISDICTION

12. This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104 - 208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.

13. This Court has jurisdiction under 28 U.S.C, § 2241, Art. I, § 9, el. 2 of the Constitution of the United States (the Suspension Clause) and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, the All Writs Act, 28 U.S.C. § 1651 and the Court's equitable habeas authority.

II. PERSONAL JURISDICTION

14. This Court has personal jurisdiction over Mr. Melendez's immediate custodian (who is physically within the district).

III. VENUE

15. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S.484, 493-500 (1973), venue lies in the United States District Court for the Western District of New York, the judicial district in which Petitioner is being detained. Petitioner is being detained at the BFDF and his detention falls under the jurisdiction of the ICE Field Office of Buffalo, New York, which encompasses the area where Petitioner is being detained, pursuant to 28 U.S.C. § 1391.

**EXHAUSTION OF REMEDIES**

I. <u>PETITIONER IS NOT STATUTORILY REQUIRED TO EXHAUST ALL ADMINISTRATIVE REMEDIES.</u>

16. No statutory exhaustion requirement applies to Petitioner's claims of unlawful detention. *See Araujo-Cortes v. Shanahan*, 35 F. Supp. 3d 533, 538 (S.D.N.Y. 2014); *Louisaire v. Muller,* 758 F. Supp. 2d 229, 234 (S.D.N.Y. 2010); *Garcia v. Shanahan*, 615 F. Supp. 2d 175, 180 (S.D.N.Y. 2009).

II. <u>PETITIONER HAS EXHAUSTED ALL ADMINISTRATIVE REMEDIES / NONE ARE AVAILABLE TO HIM</u>

17. The Petitioner has no administrative options available to him which could provide the relief he claims herein. As such, he has exhausted all options available to him.

III. <u>EVEN IF ADMINISTRATIVE REMEDIES REMAINED OPEN, WHICH THEY DO NOT, PETITIONER'S CLAIM FALLS WITHIN EVERY EXCEPTION TO PRUDENTIAL REQUIREMENTS FOR EXHAUSTION</u>

18. While Congress requires exhaustion for certain types of habeas petitions, it does not for those, like Petitioner's, brought under 28 U.S.C. § 2241. *See James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002) ("Section 2254(b)(1) requires state prisoners to exhaust all available state court remedies before filing a Section 2254 petition, whereas Section 2241 contains no such exhaustion requirement."). "Where Congress has not clearly required exhaustion, sound judicial discretion governs." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). In exercising that discretion, courts

must balance the individual and institutional interests involved, taking into account "the nature of the claim presented and the characteristics of the particular administrative procedure provided." *Id.* at 146.

19. Courts have held that individual interests demand that exhaustion be excused when (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) substantial constitutional questions are raised. *See Dir v. I.N.S.*, 301 F.3d 492, 498 (7th Cir. 2002); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam); *Elwood v. Joel*, 386 F.3d 842, 844, n.1 (8th Cir. 2004).

20. Requiring Petitioner to exhaust administrative remedies would be prejudicial for one simple reason: the agency purports to be unable to release him, as per its recent determination that Petitioner is subject to mandatory detention per 8 U.S.C. § 1225 rather than eligible for release under 8 U.S.C. § 1226(a). In addition, Petitioner brings constitutional claims in his petition, thus meeting an exception to the prudential exhaustion doctrine. *See Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003); *United States v. Gonzalez-Roque*, 301 F. 3d 39, 48 (2d Cir. 2002) (the BIA "does not have jurisdiction to adjudicate constitutional issues.")

**FACTS**

21. Mr. Melendez is a 29-year-old Honduran citizen who entered the United States without inspection in approximately 2017.

22. On November 11, 2025, while on his way to work, Mr. Melendez stopped at a gas station near Buffalo, New York. While parked at the gas station, Mr. Melendez was approached

and apprehended by immigration officials. Mr. Melendez was subsequently detained by ICE at the Buffalo Federal Detention Facility where he remains.

23. Since September 5, 2025 the Batavia Immigration Court has uniformly adopted the Board's ruling in *Matter of Yajure Hurtado,* 29 I&N Dec. 216 (BIA 2025). Immigration Judges, bound by the decision, are declining to exercise jurisdiction over custody redeterminations for any persons who entered without inspection, regardless of when those persons entered or when they were first apprehended by immigration officials.

### MR. MELENDEZ IS BEING UNLAWFULLY DETAINED BASED UPON THE GOVERNMENT'S MISAPPLICATION OF THE STATUTORY FRAMEWORK

24. The INA prescribes three basic forms of detention for the vast majority of noncitizens in removal proceedings.

25. First, 8 U.S.C. § 1226 authorizes the detention of noncitizens in standard removal proceedings before an Immigration Judge (IJ). See 8 U.S.C. § 1229a. Individuals in § 1226(a) detention are generally entitled to a custody redetermination ("bond hearing") at the outset of their detention, see 8 C.F.R. §§ 1003.19(a), 1236.1(d), while noncitizens who have been arrested, charged with, or convicted of certain crimes are subject to mandatory detention, see 8 U.S.C. § 1226(c).

26. Second, the INA provides for mandatory detention of noncitizens subject to expedited removal under 8 U.S.C. § 1225(b)(1) and for other recent arrivals seeking admission referred to under § 1225(b)(2).

27. Finally, the INA also provides for detention of noncitizens who have been ordered removed, including individuals in withholding-only proceedings, see 8 U.S.C. § 1231(a)–(b).

28. This case concerns the detention provisions at §§ 1226(a) and 1225(b)(2).

29. The detention provisions at § 1226(a) and § 1225(b)(2) were enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) of 1996, Pub. L. No. 104-–208, Div. C, §§ 302–03, 110 Stat. 3009-546, 3009–582 to 3009–583, 3009–585. Section 1226 was most recently amended earlier this year by the Laken Riley Act, Pub. L. No.119-1, 139 Stat. 3 (2025).

30. Following the enactment of the IIRIRA, EOIR drafted new regulations explaining that, in general, people who entered the country without admission or parole were not detained under § 1225 but instead under § 1226(a). See Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997).

31. Thus, in the decades that followed, most people who entered without admission or parole and who were placed in standard removal proceedings received bond hearings, unless their criminal history rendered them ineligible for release. That practice was consistent with many more decades of prior practice, in which noncitizens who were not deemed "arriving" were entitled to a custody hearing before an IJ or other hearing officer. See 8 U.S.C. § 1252(a) (1994); see also H.R. Rep. No. 104-469, pt. 1, at 229 (1996) (noting that § 1226(a) simply "restates" the detention authority previously found at § 1252(a)).

32. On July 8, 2025, ICE, "in coordination with" the Department of Justice, announced a new policy that rejected this well-established understanding of the statutory framework and abruptly reversed decades of practice.

33. The new policy, entitled "Interim Guidance Regarding Detention Authority for Applicants for Admission," claims that all persons who entered the United States without admission or parole shall now be deemed "applicants for admission" under 8 U.S.C. § 1225, and

therefore subject to mandatory detention under § 1225(b)(2)(A). The policy applies regardless of when a person was apprehended and applied those who have been in the United States for months, years, and even decades.

34. On September 5, 2025, the BIA adopted this same position in *Matter of Yajure Hurtado*. There, the Board held that all noncitizens who entered the United States without admission or parole are considered applicants for admission who are seeking admission and are ineligible for IJ bond hearings.

35. Dozens of federal courts have rejected Respondents' new interpretation of the INA's detention authorities. See, e.g., *Rodriguez Vazquez v. Bostock*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025). *Gomes v. Hyde*, No. 1:25-CV-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025); *Diaz Martinez v. Hyde*, No. CV 25-11613-BEM, --- F. Supp. 3d ----, 2025 WL 2084238 (D. Mass. July 24, 2025); *Rosado v. Figueroa*, No. CV 25-02157 PHX DLR (CDB), 2025 WL 2337099 (D. Ariz. Aug. 11, 2025), report and recommendation adopted, No. CV-25-02157-PHX-DLR (CDB), 2025 WL 2349133 (D. Ariz. Aug. 13, 2025); *Lopez Benitez v. Francis*, No. 25 CIV. 5937 (DEH), 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); *Maldonado v. Olson*, No. 0:25-cv-03142-SRN-SGE, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); *Arrazola-Gonzalez v. Noem*, No. 5:25-cv-01789-ODW (DFMx), 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); *Romero v. Hyde*, No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Samb v. Joyce*, No. 25 CIV. 6373 (DEH), 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); *Ramirez Clavijo v. Kaiser*, No. 25-CV-06248-BLF, 2025 WL 2419263 (N.D. Cal. Aug. 21, 2025); *Leal-Hernandez v. Noem*, No. 1:25-cv-02428-JRR, 2025 WL 2430025 (D. Md. Aug. 24, 2025); *Kostak v. Trump*, No. 3:25-cv-01093-JE-KDM, 2025 WL 2472136 (W.D. La. Aug. 27, 2025); Jose J.O.E. v. Bondi, No. 25-CV-3051 (ECT/DJF), --- F. Supp. 3d ----, 2025 WL 2466670 (D. Minn. Aug. 27, 2025) *Lopez-Campos*

*v. Raycraft*, No. 2:25-cv-12486-BRM-EAS, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Vasquez Garcia v. Noem*, No. 25-cv-02180-DMS-MM, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); *Zaragoza Mosqueda v. Noem*, No. 5:25-CV-02304 CAS (BFM), 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025); *Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425 (E.D. Mich. Sept. 9, 2025); *Sampiao v. Hyde*, No. 1:25-CV-11981-JEK, 2025 WL 2607924 (D. Mass. Sept. 9, 2025); see also, e.g., *Palma Perez v. Berg*, No. 8:25CV494, 2025 WL 2531566, at *2 (D. Neb. Sept. 3, 2025) (noting that "[t]he Court tends to agree" that § 1226(a) and not § 1225(b)(2) authorizes detention); *Jacinto v. Trump*, No. 4:25-cv-03161-JFB-RCC, 2025 WL 2402271 at *3 (D. Neb. Aug. 19, 2025) (same); *Anicasio v. Kramer*, No. 4:25-cv-03158-JFB-RCC, 2025 WL 2374224 at *2 (D. Neb. Aug. 14, 2025) (same).

36.   Courts have uniformly rejected DHS's and EOIR's new interpretation because it defies the INA. As the *Rodriguez Vazquez* court and others have explained, the plain text of the statutory provisions demonstrates that § 1226(a), not § 1225(b), applies to people like Petitioner.

37.   Subsection 1226(a) applies by default to all persons "pending a decision on whether the [noncitizen] is to be removed from the United States." These removal hearings are held under § 1229a, to "decid[e] the inadmissibility or deportability of a[] [noncitizen]."

38.   The text of § 1226 also explicitly applies to people charged as being inadmissible, including those who entered without admission or parole. See 8 U.S.C. § 1226(c)(1)(E). Subparagraph (E)'s reference to such people makes clear that, by default, such people are afforded a bond hearing under subsection (a). As the *Rodriguez Vazquez* court explained, "[w]hen Congress creates 'specific exceptions' to a statute's applicability, it 'proves' that absent those exceptions, the statute generally applies." *Rodriguez Vazquez*, 779 F. Supp. 3d at 1257 (citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 400 (2010)).

39. Section 1226 therefore leaves no doubt that it applies to people who face charges of being inadmissible to the United States, including those who are present without admission or parole.

40. By contrast, § 1225(b) applies to people arriving at U.S. ports of entry or who recently entered the United States. The statute's entire framework is premised on inspections at the border of people who are "seeking admission" to the United States. 8 U.S.C. § 1225(b)(2)(A). Indeed, the Supreme Court has explained that this mandatory detention scheme applies "at the Nation's borders and ports of entry, where the Government must determine whether a[] [noncitizen] seeking to enter the country is admissible." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).

41. Accordingly, the mandatory detention provision of § 1225(b)(2) does not apply to people like Petitioner who, at the time of his apprehension, had already entered the country and was living within the United States.

## CLAIMS FOR RELIEF
## COUNT 1: VIOLATION OF 8 U.S.C. § 1226(a)

42. Petitioner re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein and does so for all additional counts.

43. The Petitioner is not an applicant for admission who is seeking admission as described in 8 U.S.C. § 1225(b)(2) and is therefore not subject to mandatory detention under that section. Instead, the Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and is thus entitled to a custody redetermination before an Immigration Judge.

44. The government's detention of Petitioner without a custody redetermination or any assessment of whether he poses a danger or risk of flight violates the Petitioner's right to due process.

45. Despite decades of longstanding law and practice, the Board of Immigration Appeals issued a decision that deprives persons who entered without inspection of any ability to obtain a bond hearing before an Immigration Judge. Immigration Courts have uniformly adopted this decision and Immigration Judges deny all requests to redetermine the custody of a person who entered without inspection. Given the clear language in *Yajure Hurtado*, there is no question that an Immigration Judge will decline to hear the Respondent's request for a bond hearing.

## COUNT 2: VIOLATION OF DUE PROCESS

46. Petitioner re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein, and does so for all additional counts.

47. The government may not deprive a person of life, liberty, or property without due process of law. U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that the Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

48. Petitioner has a fundamental interest in liberty and being free from official restraint.

49. The government's detention of Petitioner without a bond hearing violates his right to due process.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that the Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2)  Issue a writ of habeas corpus clarifying that the statutory basis for Petitioner's detention is 8 U.S.C. § 1226(a) and that 8 U.S.C. § 1225(b)(2)(A) does not apply to Petitioner;

(3)  Issue a writ of habeas corpus requiring that Respondents release Petitioner unless Respondents provides Petitioner with a constitutionally sound bond hearing pursuant to 8 U.S.C. § 1226(a) within 14 days;

(4)  Declare ICE's July 8 policy and the BIA's *Matter of Yajure Hurtado* decisions unlawful;

(5)  Fashion such additional relief as is necessary and appropriate, including declaratory relief or other interim relief necessary to vindicate Petitioners' rights under U.S. and international law.

**VERIFICATION BY SOMEONE ACTING ON PETITIONER'S BEHALF PURSUANT TO 28 U.S.C. § 2242**

I am submitting this verification on behalf of the Petitioner because I am the Petitioner's attorney. I have discussed with the Petitioner the events described in this Petition. On the basis of those discussions, I hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated:  November 21, 2025

                                                      Grace E. Zaiman
*Attorney for Petitioner*
250 Mill St,
Rochester, NY 14614
Email: grace@zaimanlaw.com
Tel: 585-210-9868

**VOID IF ALTERED OR ERASED**

## MARION COUNTY PUBLIC HEALTH DEPARTMENT

DIVISION OF HEALTH & HOSPITAL CORP.
3838 NORTH RURAL ST., INDIANAPOLIS, IN   46205

### CERTIFICATE OF BIRTH

*This Certifies* THAT ACCORDING TO THE RECORDS OF THE HEALTH DEPARTMENT

NAME: BRITNEY GISELLE MELENDEZ-AYALA

WAS BORN IN MARION COUNTY   INDIANA,   ON   AUGUST 11   SEX F   YEAR 2023

CHILD OF JOSE RENE MELENDEZ AYALA   and   MARIA TERESA AYALA MONGE

BIRTHPLACE OF FATHER  HONDURAS       BIRTHPLACE OF MOTHER  HONDURAS

RECORD WAS FILED  08/15/2023       CERTIFICATE NUMBER OR VOLUME AND PAGE  011195

DATE ISSUED  10/25/2023       SFN: 2023048100

CLERK: M TELLO

Virginia A. Caine, M.D.
MARION COUNTY HEALTH OFFICER

MARION COUNTY PUBLIC HEALTH DEPARTMENT
Prevent. Promote. Protect.

STATE OF INDIANA

3528573

**WARNING:** ORIGINAL DOCUMENT HAS A MULTICOLORED BACKGROUND ON SPECIAL WHITE SECURITY PAPER AND THE GREAT SEAL OF THE STATE OF INDIANA ON BACK THAT TURNS FROM ORANGE TO YELLOW WHEN RUBBED. ORIGINAL DOCUMENT HAS HIDDEN VOID ON FRONT THAT APPEARS WHEN PHOTOCOPIED.

**VOID IF ALTERED OR ERASED**